UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDRES ORTEGA and ANNA ORTEGA, husband and wife and as Guardians for their minor children; J.O., a minor child; E.G.O., a minor child; J.O., a minor child; and C.O., a minor child.<br><br>                Plaintiffs,<br><br>  v.<br><br>CITY OF SOAP LAKE, a municipal corporation, SOAP LAKE POLICE DEPARTMENT; JAMES J. DORRIS and JANE DOE DORRIS, husband and wife; JASON ALLENTON and JANE DOE ALLENTON, husband and wife; DUSTIN SLABACH and JANE DOE SLABACH, husband and wife; MICHAEL L. CLINES and JANE DO CLINES, husband and wife; and JOHN DOE OFFICERS I-VI,<br><br>                Defendants. | NO: CV-11-228-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION FOR PROTECTIVE ORDER |

BEFORE the Court is the parties' Stipulated Motion for Protective Order, ECF No. 24. Having reviewed the motion, the proposed protective order, and the

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 1

1  file and pleadings, the Court finds good cause to grant the motion and approve the

2  protective order with the following modification.

3      Paragraph 5 of the proposed order reads:

> If it becomes necessary for Plaintiffs to submit a Protected Document to the court, it shall be placed in a sealed envelope plainly marked in red in as follows: "CONFIDENTIAL DOCUMENT" pursuant to Case No. CV-11-0228-RMP. This notation will also be on the face of each Protected Document in red ink.

7  ECF No. 24-1 at 5.

8      This Court uses an electronic case management and filing system. While the parties are free to physically file materials with the Court by way of the Clerk's office, the typical practice is for that office to then scan documents into the electronic record. Accordingly, if the parties wish to file documents with the court but restrict public access to those documents, the parties should seek an order from this Court sealing those filings.

14      There is a strong presumption in favor of public access to court documents. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Therefore, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178. Specifically, "[t]he party must "articulate [ ] compelling reasons supported by specific factual findings [ ... ] that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 2

1178–79 (internal quotations omitted); see also *Pintos v. Pacific Creditors Assn.*, 605 F.3d 665, 678-79 (9th Cir. 2010) (a motion to seal documents that are part of the judicial record is governed by the "compelling reasons" standard rather than the "good cause" standard for "private materials unearthed during discovery" contemplated by Fed. R. Civ. P. 26(c)).

As paragraph 5 mandates a practice that does not comport with this Court's electronic records keeping process, the Court will strike paragraph 5 of the proposed protective order. In its place, the Court orders that if either party wishes to submit a Protected Document to the Court, that party shall inform opposing counsel with sufficient time prior to the filing of the Protected Document such that opposing counsel can note a motion to seal the Protected Document. Alternatively, the party shall file the Protected Document under seal with a concurrent motion to seal the Protected Document. A motion to seal will not be granted unless the motion and supporting documents establish compelling reasons to seal.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Stipulated Motion for Protective Order, **ECF No. 24**, is **GRANTED IN PART AND DENIED IN PART**.

2. The Stipulated Protective Order outlined in **ECF No. 24**, is **APPROVED** except as modified by this Order. Approval is without prejudice to any party's right to demand or oppose discovery on any ground permitted by

the Federal Rules of Civil Procedure and is without prejudice to any other party's right to contest any such assertions.

The District Court Executive is directed to enter this Order and provide copies to counsel.

DATED this 31st day of January 2012.

       *s/ Rosanna Malouf Peterson*
      ROSANNA MALOUF PETERSON
      Chief United States District Court Judge